**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KALON GARRISON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24-CV-174-PLC |
| JPMORGAN CHASE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Kalon Garrison for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the Complaint on or about February 1, 2024 against JPMorgan Chase. The Complaint consists of a Court-provided Civil Complaint form, and handwritten pages of Plaintiff's own creation. In the section of the form Complaint provided to identify the basis for this Court's jurisdiction, Plaintiff cites the Equal Credit Opportunity Act. (ECF No. 1 at 3).

In general, Plaintiff's allegations are confusing and often nonsensical. The Court will therefore quote them directly rather than try to paraphrase them. When quoting the Complaint, the Court quotes the text verbatim without correction of errors.

In the "Statement of Claim" section of the form Complaint, Plaintiff wrote:

> 1) Paper is Attached
>
> 2) October 26, 2023
>
> 3) Frank Leta Acura
>
> 4) Unlawful Discrimination, Discouraged, not exercising my rights in good faith, illegal practices, Predatory Lending
>
> 5) Failure to fully Disclosures about a finaince charge (consumer credit transaction) Jp Morgan Chase exercised my rights without consent.

*Id.* at 5.

Elsewhere in the Complaint, Plaintiff writes:

> On October 26, 2023 I have decided to purchase a car due to me without transportation without the resources or without any help and still at this time my rights were not used by me, having good faith to exercise my rights and a certain way where I can finance a vehicle due to me being a credit applicant. No information was never disclosed and I wasn't mentally consciously aware about negotiating my contract with another party instead of a dealership.

*Id.* at 6.

Plaintiff then described receiving a letter from the Defendant telling him that his credit application was denied because:

> New payment or total auto payments are too high related to income
>
> Insufficient income related to loan amount requested
>
> Insufficient equity in vehicle
>
> Length of time, since old is account established.

*Id.* Plaintiff then quotes text from the ECOA, and writes:

> Well, that will make sense
>
> Equal credit discriminating is prohibited?
>
> If credit is equal, to be discriminating is prohibited in regards to credit.

> Provided the applicant has the capacity to enter into a binding contract.
>
> I wasn't mentally consciously aware, nor was I fully disclosed about the contract
>
> Prohibits creditors from discriminating against credit applicants
>
> So it wasn't base on LAW, because the law says it prohibits creditors from discriminating against credit applicants and I am the credit applicant. Himself.
>
> good faith exercised any right under the Consumer Credit Protection Act.
>
> Chase bank violated my rights by exercising
> my rights in good faith for me by processing my credit into a credit reporting system that made up some reasons to deny me without my consent.

*Id.* at 6-7 (emphasis in original).

Plaintiff then includes block quotations from the ECOA and 15 U.S.C. § 1681 (the Fair Credit Reporting Act, or "FCRA"), and writes:

> By LAW JPMORGAN CHASE doesn't have permissible purpose to d deny me a extension of my own credit by law.
>
> If they were exercising my rights they (violated), and is now causing them to be discriminating against an credit application (financial Asset) towards me as the credit applicant.
>
> The reasons they denied me don't exist at all.

*Id.* at 7.

As relief, Plaintiff seeks punitive damages in the amount of 1% of the defendant's value, and "Professional advice from federal court experts Regarding potential claims for maximum punitive damages, Aiming to Recover losses from specific incidents involving violations and fines with 1% of Banks Networth." *Id.* at 5.

Plaintiff attached various materials to the Complaint, including copies of statutes; a 2015 letter describing Federal Trade Commission enforcement principles; a letter to Plaintiff from

Defendant listing the foregoing reasons for denying Plaintiff's application; a letter Plaintiff allegedly wrote to "Chase Bank" seeking to "rescind" his consumer credit transaction; a certified mail receipt; a copy of Plaintiff's Social Security Card with the number redacted; a copy of Plaintiff's driver's license; an "Affidavit of Truth" and "Affidavit of Truth Affidavit of Response for Cease and Desist;" and an Affidavit bearing Plaintiff's signature and red thumbprint in which Plaintiff states his equal credit opportunity rights were violated. (ECF No. 1-1 through 1-11).

**Prior Litigation**

On or about November 28, 2023, Plaintiff filed a civil complaint in this Court pro se and in forma pauperis to assert claims against JPMorgan Chase based on the same events described in the instant Complaint. *See Garrison v. JPMorgan Chase,* No. 4:24-CV-01521-PLC (E.D. Mo. 2023) (hereafter "*Garrison I*"). The Complaint in *Garrison I* was prepared in much the same manner as the instant Complaint, and included some of the same attachments. Upon review pursuant to 28 U.S.C. § 1915(e)(2), the Court determined the Complaint was frivolous and/or failed to state a claim upon which relief may be granted, and dismissed it without prejudice.

**Discussion**

Plaintiff proceeds pursuant to the ECOA, which provides:

> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction –
>
> > (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);
> >
> > (2) because all or part of the applicant's income derives from any public assistance program; or
> >
> > (3) because the applicant has in good faith exercised any right under this chapter.

15 U.S.C. § 1691(a). Thus, "[t]o establish a prima facie claim for discrimination under the ECOA, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he applied for and was qualified for a loan, (3) the loan was rejected despite his qualifications, and (4) the bank continued to approve loans for applicants with similar qualifications." *Christian v. Com. Bank N.A.*, Case No. 4:14-CV-00201-AGF, 2014 WL 5420266, at *2 (E.D. Mo. Oct. 22, 2014) (citing *Rowe v. Union Planters Bank,* 289 F.3d 533, 535 (8th Cir. 2002)).

In this case, Plaintiff's allegations are conclusory at best. He states without support that the Defendant engaged in "Unlawful Discrimination," and offers either vague allegations or nonsensical statements such as: "If they were exercising my rights they (violated), and is now causing them to be discriminating against an credit application (financial Asset) towards me as the credit applicant." (ECF No. 1 at 7). The Complaint and attached materials contain no factual allegations that the Defendant discriminated against Plaintiff on any basis identified in § 1691(a), or that Plaintiff is a member of a protected class, was qualified for the credit sought, and was treated differently compared to other applicants in a similar position. While this Court must presume the truth of well-pleaded factual allegations, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Thus, plaintiff has not stated a plausible ECOA claim that can withstand initial review.

Plaintiff mentions the "Consumer Protection Act," and indicates it contains sections "PROTECTING the credit of CONSUMERS." (ECF No. 1 at 7) (emphases in original). He cites the FCRA as well. However, he makes no specific attempt to sue the Defendant under any section of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601, *et seq*., or the FCRA. The

attachments to the Complaint include the text of other statutes, but the Court will not read through them in an attempt to piece together a claim for Plaintiff.

In sum, the Complaint contains no non-conclusory allegations that would "raise a right to relief above the speculative level" with regard to the ECOA or any other federal statute. *Twombly*, 127 S. Ct. at 1965 (citations omitted). The Court concludes the Complaint fails to state a claim upon which relief may be granted and/or is frivolous, and will dismiss it, without prejudice, pursuant to 28 U.S.C. § 1915(e). Because Plaintiff's arguments against this dismissal would be frivolous, the Court will certify that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2024